ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR - 1 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUTO-OWNERS INSURANCE COMPANY )
and OWNERS INSURANCE COMPANY, )
)
    Plaintiffs, )
)
v. )
)
GEORGIA STATE FINANCING AND )
INVESTMENT COMMISSION, )
LPS CONSTRUCTION CO., INC., )
WALLACE H. WIGGINS, JR., )
PERKINS & WILL, INC., AMERICAN )
MOTORISTS INSURANCE COMPANY, )
FIREMAN'S FUND INSURANCE CO., )
SOUTH WESTERN COMMUNICATIONS, )
INC., SOUTHEAST ROOFING )
SOLUTIONS, INC., MOCK PLUMBING )
AND MECHANICAL, INC., SACK )
COMPANY MAINTENANCE, LLC, )
BONITZ CONTRACTING COMPANY, )
RIGHTWAY DRYWALL, INC., )
OLD CAPITOL GLASS COMPANY, INC.,)
MAY SPECIALITY FABRICATORS, )
INC., LARRY GUNN, CHARLIE )
JOHNSON, CENTRAL FENCE COMPANY, )
INC., SPRINKLER CONTRACTORS, )
INC., THYSSENKRUPP ELEVATOR )
CORPORATION, BONITZ OF GEORGIA, )
INC., THE SACK COMPANY, INC., )
SIMPLEXGRINNEL, LP, f/k/a )
SIMPLEX TIME RECORDER CO. )
)
    Defendants. )

CIVIL ACTION FILE
NO. 1-10-CV-0606-JOF

**COMPLAINT FOR DECLARATORY JUDGMENT**

COME NOW AUTO-OWNERS INSURANCE COMPANY and OWNERS INSURANCE

COMPANY (hereinafter "Auto-Owners" and "Owners") and file this

Complaint for Declaratory Judgment, showing the Court as follows:

## PARTIES AND JURISDICTION

1.

Auto-Owners is a corporation organized and existing under the laws of the state of Michigan, with its principal place of business in Michigan.

2.

Owners is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Michigan.

3.

Georgia State Financing and Investment Commission ("GSFIC") is an agency of the State of Georgia, and exists under the laws of the state of Georgia, with its principal place of business and citizenship in Georgia.  GSFIC is subject to the jurisdiction and venue of this Court.

4.

LPS Construction Co., Inc., ("LPS") is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business and citizenship in Georgia. LPS is subject to the jurisdiction and venue of this Court.

5.

Wallace H. Wiggins, Jr. ("Wiggins"), as a natural person who is a citizen of the United States, who is physically present in

Georgia and who intends to make Georgia his home, is an
individual citizen of the state of Georgia.  Wiggins is subject
to the jurisdiction and venue of this Court.

                              6.

    Perkins & Will, Inc. ("P&W") is a Delaware corporation duly
authorized and licensed to do business in the state of Georgia,
with its principal place of business and citizenship in Illinois.
P&W is subject to the jurisdiction and venue of this Court.

                              7.

    American Motorists Insurance Company ("AMIC") is an
insurance company incorporated in the state of Illinois, and is
authorized and licensed to do business in the state of Georgia,
with its principal place of business and citizenship in Illinois.
AMIC is subject to the jurisdiction and venue of this Court.

                              8.

    Fireman's Fund Insurance Company ("FFIC") is an insurance
company incorporated in the state of California, and is
authorized and licensed to do business in the state of Georgia,
with its principal place of business and citizenship in
California.  FFIC is subject to the jurisdiction and venue of
this Court.

9.

South Western Communications, Inc. ("SWC") is an Indiana corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Indiana. SWC is subject to the jurisdiction and venue of this Court.

10.

Southeast Roofing Solutions, Inc., ("Southeast") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Georgia. Southeast is subject to the jurisdiction and venue of this Court.

11.

Mock Plumbing and Mechanical, Inc. ("Mock") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Georgia. Mock is subject to the jurisdiction and venue of this Court.

12.

Sack Company Maintenance, LLC ("Sack LLC") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and

citizenship in Georgia.  Sack LLC is subject to the jurisdiction and venue of this Court.

13.

Bonitz Contracting Company ("Bonitz Contracting") is a South Carolina corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in South Carolina.  Bonitz Contracting is subject to the jurisdiction and venue of this Court.

14.

Rightway Drywall, Inc. ("Rightway") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Georgia.  Rightway is subject to the jurisdiction and venue of this Court.

15.

Old Capitol Glass Company, Inc. ("Old Capitol") was a Georgia corporation with its principal place of business in Milledgeville, Georgia, and is dissolved and no longer licensed to conduct business in the State of Georgia.  Old Capitol is subject to the jurisdiction and venue of this Court.

16.

May Speciality Fabricators, Inc. ("May") is a Georgia corporation duly authorized and licensed to do business in the

- 5 -

state of Georgia, with its principal place of business and citizenship in Georgia.  May is subject to the jurisdiction and venue of this Court.

17.

Larry Gunn ("Gunn"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an individual citizen of the state of Georgia.  Gunn is subject to the jurisdiction and venue of this Court.

18.

Charlie Johnson ("Johnson"), as a natural person who is a citizen of the United States, who is physically present in Georgia and who intends to make Georgia his home, is an individual citizen of the state of Georgia.  Johnson is subject to the jurisdiction and venue of this Court.

19.

Central Fence Company, Inc. ("Central") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Georgia.  Central is subject to the jurisdiction and venue of this Court.

20.

Sprinkler Contractors, Inc. ("Sprinkler") was a Georgia corporation with its principal place of business in Columbus, Georgia, and is dissolved and no longer licensed to conduct business in the State of Georgia.  Sprinkler is subject to the jurisdiction and venue of this Court.

21.

Thyssenkrupp Elevator Corporation ("Thyssenkrupp") is a Delaware corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Georgia.  Thyssenkrupp is subject to the jurisdiction and venue of this Court.

22.

Bonitz of Georgia, Inc. ("Bonitz Corp.") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in Georgia.  Bonitz Corp. is subject to the jurisdiction and venue of this Court.

23.

The Sack Company, Inc. ("Sack Co.") is a Georgia corporation duly authorized and licensed to do business in the state of Georgia, with its principal place of business and citizenship in

Georgia.  Sack Co. is subject to the jurisdiction and venue of
this Court.

24.

Simplexgrinnel, LP, f/k/a Simplex Time Recorder Co.
("Simplex") is a Delaware corporation duly authorized and
licensed to do business in the state of Georgia, with its
principal place of business and citizenship in Florida.  Simplex
is subject to the jurisdiction and venue of this Court.

25.

Each named defendant has been joined in compliance with case
law requiring the insurer seeking a declaratory judgment to bring
into the action all individuals or entities who have a financial
or other interest in the outcome of the coverage issues to be
decided through the declaratory judgment.

**JURISDICTION AND VENUE**

26.

This Court has original jurisdiction over this action under
the provisions of 28 U.S.C. § 1332 because this action is between
citizens of different states and the amount in controversy
exceeds the sum of $75,000.00, exclusive of interest and costs.

27.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

- 8 -

## NATURE OF ACTION

28.

This is a complaint for declaratory judgment brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Auto-Owners, Owners and Defendants.

29.

A controversy of a judicial nature presently exists among the parties which demands a declaration by this Court in order that Auto-Owners and Owners may have their rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

## THE UNDERLYING CLAIMS

30.

Rightway entered into a subcontract with LPS to perform certain work on the Central State Hospital in Milledgeville, Georgia (the "Hospital").

31.

Rightway contracted to install drywall and a suspended ceiling at the Hospital.

32.

Rightway's work began in late 2001 or early 2002 and lasted for approximately 9 months.  The entire Hospital project was substantially completed on May 7, 2003.

33.

In November 2005, GSFIC -the legal entity which commissioned the construction of the Hospital for the state- defaulted LPS for alleged construction defects in the project.

34.

A default letter was sent by GSFIC on November 23, 2005.

35.

Thereafter, on December 9, 2005, an order of condemnation of the Hospital building was issued by P&W, the architects.

36.

GSFIC filed a lawsuit against LPS, P&W, Wiggins, AMIC and FFIC, seeking damages for alleged defective construction at the Hospital.  The lawsuit is pending in the Superior Court of Fulton County and bears civil action file no. 2007-CV-12805 (the "Underlying Lawsuit").

37.

Rightway was eventually named in a third-party complaint which was filed and served in the Underlying Lawsuit in October 2007.

38.

Rightway defaulted, and shortly thereafter hired its own counsel who opened the default and proceeded with the defense of Rightway in the Underlying Lawsuit without timely notifying Plaintiffs.

39.

A second amended complaint was filed by GSFIC in the Underlying Lawsuit on November 7, 2007, which did not mention Rightway but did mention a ceiling issue.

40.

On December 20, 2007, LPS filed a crossclaim against Rightway in the Underlying Lawsuit.

41.

On January 18, 2008, FFIC filed an amended third-party complaint against Rightway and others.

42.

On February 12, 2008, P&W filed a crossclaim against Rightway and others.

43.

All of the claims asserted against Rightway in Underlying Lawsuit related to allegations that Rightway's work at the Hospital was defective and must be replaced.

44.

Plaintiffs' first notice of the Underlying Lawsuit or any of the claims asserted therein was in or about September 2008.

## THE INSURANCE CONTRACTS

45.

Owners issued consecutive commercial general liability insurance policies to Rightway Drywall, Inc., policy number 014618-48471088, with effective policy periods from January 1, 2002 to January 1, 2007 (the "CGL Policy"), subject to certain terms and conditions and applicable law.

46.

Auto-Owners issued consecutive commercial umbrella insurance policies to Rightway ("Umbrella Policy"), policy number 43-479-144-00, with a policy period from January 1, 2002 to January 1, 2007, subject to certain terms and condition and applicable law.

47.

Rightway seeks a defense and indemnity under the above-referenced insurance contracts issued by Plaintiffs for the claims asserted against it in the Underlying Lawsuit.

48.

After receiving late notice of the claim and Underlying Lawsuit, Plaintiff Owners issued letters to Rightway in which

Plaintiff provided notice of the reservation of rights to contest coverage for the claims asserted in the Underlying Lawsuit.

49.

After receiving late notice of the Underlying Lawsuit, Plaintiff Owners retained counsel to defend Rightway in the Underlying Lawsuit subject to a complete reservation of rights.

50.

The contracts of insurance issued by Plaintiffs to Rightway afford no coverage for the facts and claims asserted against Rightway in the Underlying Lawsuit; and, therefore, Plaintiffs have no duty to defend or indemnify Rightway in the Underlying Lawsuit.

51.

The insuring agreement of the CGL Policy issued to Rightway by Owners provides, in pertinent part, the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies....

Commercial General Liability Coverage Form, CG0001 11/88.

52.

Under Coverage A, the CGL Policy provides the following:

> **b.** This insurance applies to 'bodily injury' and 'property damage' only if:

- 13 -

**(1)**  The 'bodily injury' or 'property
damage' is caused by an
'occurrence' that takes place in
the 'coverage territory';

**(2)**  The 'bodily injury' or 'property
damage' occurs during the policy
period; ...

All other policy terms and conditions apply.

Commercial General Liability Coverage Form, CG0001 11/88.

53.

The CGL Policy issued to Rightway further provides:

'Property damage' means:

**a.**  Physical injury to tangible property,
including all resulting loss of use of
tnat property.  All such loss of use
shall be deemed to occur at the time of
the physical injury that caused it; or

**b.**  Loss of use cf tangible property that is
not physically injured.  All such loss
shall be deemed to occur at the time of
the 'occurrence' that caused it.

Commercial General Liability Coverage Form, CG0001 11/88.

54.

The CGL Policy issued to Rightway provides:

'Occurrence' means an accident, including
continuous or repeated exposure to
substantially the same general harmful
conditions.

Commercial General Liability Coverage Form, CG0001 11/88.

- 14 -

55.

The CGL Policy issued to Rightway contains exclusions, including, in relevant part, the following:

This insurance does not apply to:

    **k.**    'Property damage' to 'your product' arising out of it or any part of it.

Commercial General Liability Coverage Form, CG 00 01 11 88.

56.

The Policy further provides:

This insurance does not apply to:

    **l.**    'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'. ...

Commercial General Liability Coverage Form, CG0001 11/88.

57.

The Policy issued to Rightway also provides:

This insurance does not apply to:

    **m.**    'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:

        (1)    A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or

        (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or

agreement in accordance with
its terms.

Commercial General Liability Coverage Form, CG0001 11/88.

58.

The Policy issued to Rightway also provides:

This insurance does not apply to:

**n.**    Damages claimed for any loss, cost or
expense incurred by you or others for
the loss of use, withdrawal, recall,
inspection, repair, replacement,
adjustment, removal or disposal of:

**(1)** 'Your product;'

**(2)** 'Your work;' or

**(3)** 'Impaired property;'

if such product, work, or property
is withdrawn or recalled from the
market or from use by any person or
organization because of a known or
suspected defect, deficiency,
inadequacy or dangerous condition
in it.          . . .

Commercial General Liability Coverage Form, CG0001 11/88.

59.

The CGL Policy also states, in relevant part, the following:

**SECTION IV – COMMERCIAL GENERAL
LIABILITY CONDITIONS**  . . .

**2.    Duties In The Event Of Occurrence, Claim
Or Suit.**

a.    You must see to it that we are
notified as soon as practicable of

- 16 -

an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

    **(1)**   How, when and where the "occurrence" or offense took place;

    **(2)**   The name and addresses of any injured persons and witnesses; and

    **(3)**   The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

    **(1)**   Immediately record the specifics of the claim or "suit" and the date received; and

    **(2)**   Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

    **(1)**   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit." ...

      **(3)**    Cooperate with us in
           the investigation,
           settlement or
           defense of the claim
           or "suit"....

Commercial General Liability Coverage Form, CG0001 11/88.

60.

The insuring agreement of the Umbrella Policy issued to

Rightway by Auto-Owners provides, in pertinent part:

**We** will pay those sums included in the term
**ultimate net loss** that the **insured** becomes
legally obligated to pay as damages because
of...**property damage**...to which this
insurance applies caused by an **incident**.

Commercial Umbrella Insurance Policy.

61.

Under the applicable coverage part of the Umbrella Policy,

coverage applies only if the following conditions are met:

    a.    the ... **property damage** must take
        place during the policy period; and

    b.    the **incident** must take place in the
        **policy territory**.

Commercial Umbrella Insurance Policy.

62.

The Umbrella Policy further provides:

    M.    **Property damage** means:

    **1.**    Physical injury to tangible property,
        including all resulting loss of use of

that property.  All such loss shall be
deemed to occur at the time of the
physical injury that caused the loss of
use.

    **2.**    Loss of use of tangible property that is
not physically injured.  All such loss
shall be deemed to occur at the time of
the **incident** that caused the loss of
use.

Commercial Umbrella Insurance Policy.

63.

The Umbrella Policy provides:

**Incident** means ... an accident..., including
continuous or repeated exposure to
substantially the same general harmful
conditions.

Commercial Umbrella Insurance Policy.

64.

The Umbrella Policy also provides:

This insurance does not apply to:

**property damage** ... expected or intended from the
standpoint of the **insured.**

Commercial Umbrella Insurance Policy.

65.

The Umbrella Policy provides:

This insurance does not apply to:

G.    **Property damage** to **your product** arising
out of it or any part of it.

Commercial Umbrella Insurance Policy.

- 19 -

66.

The Umbrella Policy provides:

This insurance does not apply to:

H.    **Property damage** to **your work** arising out
of it or any part of it and included in
the **products-completed operations
hazard.** ...

Commercial Umbrella Insurance Policy.

67.

The Umbrella Policy provides:

This insurance does not apply to:

I.    **Property damage** to **impaired property** or
property that has not been physically
injured, arising out of:

(1)    a defect, deficiency, inadequacy or
dangerous condition in **your product**
or **your work;** or

(2)    a delay or failure by **you** or anyone
acting on **your** behalf to perform a
contract or agreement in accordance
with its terms.

Commercial Umbrella Insurance Policy.

68.

The Umbrella Policy provides:

This insurance does not apply to:

J.    Damages claimed for any loss, cost or
expense incurred by **you** or others for
the loss of use, withdrawal, recall,
inspection, repair, replacement,
adjustment, removal or disposal of:

1. **your product;**

2. **your work;** or

3. **impaired property;**

if such product, work, or property
is withdrawn or recalled from the
market or from use by any person or
organization because of a known or
suspected defect, deficiency,
inadequacy or dangerous condition
in it.

Commercial Umbrella Insurance Policy.

69.

The Umbrella Policy also provides, in relevant part, the

following:

**CONDITIONS**

. . .

C.   **Notice of Incident, Claim or Suit**

1.   When an **incident** likely to involve **us**
takes place, the **insured** shall notify
**us,** or the agent, in writing as soon as
practicable, of any **incident,** claim or
suit.  Notice of an **incident** is not
notice of a claim.

The notice must give:

a.   **your** name and policy
number;

b.   the time, place and
circumstances of the
**incident;** and

- 21 -

      c.   the names and
          addresses of injured
          persons and
          witnesses.

**2.**   If claim is made or suit is brought, **we**
must be advised promptly.  All papers in
connection with claims or suits must be
sent to **us** without delay.

**3.**   The **insured** shall cooperate with **us** and
upon **our** request assist in:

      a.   making settlements;

      b.   the conduct of suits....

The **insured** shall attend hearings
and trials and assist in securing
and giving evidence and the
obtaining and attendance of
witnesses.

Commercial Umbrella Insurance Policy.

### COUNT ONE

70.

Plaintiffs hereby reallege and incorporate paragraphs 1
through 69 of this Complaint as if set forth fully herein.

71.

Under the terms of the insurance policies, Plaintiffs agreed
to afford coverage for damages because of "property damage" to
which the insurance applies.

72.

In the Underlying Lawsuit, the claims asserted against Rightway seek damages which do not constitute defined "property damage," and Plaintiffs' insurance policies do not cover such damages.

73.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the insurance policies for any damages which do not constitute defined "property damage."

**COUNT TWO**

74.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 73 of this Complaint as if set forth fully herein.

75.

Under the terms of the policies, Plaintiffs agreed to afford coverage for "property damage" caused by an "occurrence" only if the "property damage" occurs during the applicable policy periods.

76.

In the Underlying Lawsuit, the claims asserted against Rightway seek damages because of "property damage" which did not occur during the applicable policy periods, and Plaintiffs' insurance policies with Rightway do not cover such damages.

77.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the insurance policies for any damages because of "property damage" which occurred outside the applicable policy periods.

**COUNT THREE**

78.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 77 of this Complaint as if set forth fully herein.

79.

Under the terms of the policies issued to Rightway, there is no coverage for damages because of "property damage" which is not the result of an "occurrence" or accident or which is expected or intended from the standpoint of the insured.

80.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify Rightway for damages which were expected or intended by Rightway, or which were known to be substantially certain to occur due to Rightway's knowledge.

81.

Plaintiffs have no obligation to provide a defense to the Underlying Lawsuit or indemnify Rightway because all of the claims asserted against Rightway arise from allegedly faulty

construction, and faulty construction does not constitute an accident under the policies.

82.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the insurance policies for any damages which were not caused by an "occurrence" or accident, which were intended or expected from the standpoint of any insured, or which were substantially certain to occur.

**COUNT FOUR**

83.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 82 of this Complaint as if set forth fully herein.

84.

The insurance policies issued to Rightway exclude property damage to Rightway's product, arising out of the product or any part of the product.

85.

Plaintiffs have no duty to defend or indemnify Rightway in the Underlying Lawsuit because the damages sought constitute property damage to Rightway's product, arising out of the product and/or any part of the product.

86.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the policies for any damages because of property damage to Rightway's product, arising out of the product and/or any part of the product.

**COUNT FIVE**

87.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 86 of this Complaint as if set forth fully herein.

88.

The insurance policies issued to Rightway exclude "property damage" arising out of faulty work performed by Rightway and faulty material supplied by Rightway.

89.

Plaintiffs have no duty to defend or indemnify Rightway against the claims set forth in the Underlying Lawsuit because the damages sought constitute "property damage" to Rightway's work, arising out of that work or any part of that work, and are excluded from coverage.

90.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the insurance policies for

any damages because of "property damage" to Rightway's work or arising therefrom.

**COUNT SIX**

91.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 90 of this Complaint as if set forth fully herein.

92.

The insurance policies issued to Rightway exclude "property damage" to "impaired property" or property that has not been physically injured arising out of Rightway's defective product or associated work.

93.

Plaintiffs have no duty to defend or indemnify Rightway against the claims set forth in the Underlying Lawsuit to the extent the damages sought constitute "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in Rightway's product or work.

94.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the insurance policies for any "property damage" to "impaired property" or property that has

not been physically injured arising from Rightway's defective product or work.

## COUNT SEVEN

95.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 94 of this Complaint as if set forth fully herein.

96.

The insurance policies issued to Rightway exclude damages claimed for any loss, cost or expense incurred by the insured or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of: **(1)** 'Your product;' **(2)** 'Your work;' or **(3)** 'Impaired property;' if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

97.

Plaintiffs have no duty to defend or indemnify Rightway against the Underlying Lawsuit to the extent the damages sought constitute damages claimed for any loss, cost or expense incurred by Rightway or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Rightway's product, work or impaired property.

- 28 -

98.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the policies for damages claimed for any loss, cost or expense incurred by Rightway or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Rightway's product, work or impaired property.

### COUNT EIGHT

99.

Plaintiffs hereby reallege and incorporate paragraphs 1 through 98 of this Complaint as if set forth fully herein.

100.

Both the CGL Policy and the Umbrella Policy require Rightway to perform certain conditions in the event of an occurrence, incident, claim or suit.

101.

By failing to promptly notify Plaintiffs of the claim which forms the basis of the Underlying Lawsuit, Rightway breached the notice conditions set forth in both insurance policies.

102.

By failing to promptly provide written notification of the Underlying Lawsuit to Plaintiffs, Rightway breached the conditions set forth in both insurance policies.

103.

By failing to immediately forward copies of the demands, notices, summonses, complaint and legal papers received in connection with the Underlying Lawsuit, Rightway breached the conditions set forth in both insurance policies.

104.

Plaintiffs have no duty to defend or indemnify Rightway against the claims set forth in the Underlying Lawsuit because Rightway breached these conditions precedent set forth in both insurance policies.

105.

Plaintiffs are entitled to a judgment declaring that Rightway is afforded no coverage under the CGL Policy or the Umbrella Policy due to Rightway's breach of these conditions.

**WHEREFORE,** Plaintiffs pray that this Court enter judgment that Plaintiffs have no duty to defend or indemnify Rightway for the claims asserted against Rightway in the Underlying Lawsuit; that this Court bind each and every named party herein by said judgment; that Plaintiffs be awarded costs in this action; and for further relief as this Court may deem just and appropriate.

This __25__ day of February, 2010.

                        Respectfully submitted,

                        TALLEY, FRENCH & KENDALL, P.C.


                        Michael C. Kendall
                        Georgia Bar No. 414030
                        *Counsel for Plaintiffs*

3152 Golf Ridge Boulevard
Suite 201
Douglasville, Georgia 30135
Telephone: 770-577-3559
Facsimile: 770-577-8113
Email: mckendall@bellsouth.net

- 31 -