# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**AUTO-OWNERS INSURANCE COMPANY and OWNERS INSURANCE COMPANY,**

      **Plaintiffs,**

**v.**

**GEORGIA STATE FINANCING AND INVESTMENT COMMISSION, et al.,**

      **Defendants.**

**CIVIL ACTION FILE NO.**
**1 10-CV -0606**

---

## ANSWER OF DEFENDANT GEORGIA STATE FINANCING AND INVESTMENT COMMISSION

---

COMES NOW, Defendant, Georgia State Financing and Investment Commission, ("GSFIC") by and through its undersigned counsel, and files this Answer to the Complaint For Declaratory Judgment of Plaintiffs Auto-Owners Insurance Company and Owners Insurance Company (collectively, "Plaintiffs").

## FIRST DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim against GSFIC upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims against GSFIC are barred, in whole or in part, by the doctrine of sovereign immunity.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH DEFENSE

GSFIC denies all allegations contained in the Complaint that are not admitted, denied or otherwise specifically addressed herein.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res judicata*.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to join a party.

## EIGHTH DEFENSE

GSFIC responds to the individual Paragraphs in the Complaint as follows:

## **PARTIES AND JURISDICTION**

1.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 1 of the Complaint.

2.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 2 of the Complaint.

3.

GSFIC admits the averments of Paragraph 3 of the Complaint.

4.

The averments contained in Paragraph 4 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

5.

The averments contained in Paragraph 5 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

6.

The averments contained in Paragraph 6 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

7.

The averments contained in Paragraph 7 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

8.

The averments contained in Paragraph 8 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

9.

The averments contained in Paragraph 9 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

10.

The averments contained in Paragraph 10 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

11.

The averments contained in Paragraph 11 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

12.

The averments contained in Paragraph 12 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

13.

The averments contained in Paragraph 13 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

14.

The averments contained in Paragraph 14 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

15.

The averments contained in Paragraph 15 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

16.

The averments contained in Paragraph 16 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

17.

The averments contained in Paragraph 17 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

18.

The averments contained in Paragraph 18 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

19.

The averments contained in Paragraph 19 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

20.

The averments contained in Paragraph 20 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

21.

The averments contained in Paragraph 21 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

22.

The averments contained in Paragraph 22 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

23.

The averments contained in Paragraph 23 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

24.

The averments contained in Paragraph 24 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

25.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 25 of the Complaint.

## JURISDICTION AND VENUE

### 26.

The statutes cited in Paragraph 26 of the Complaint speak for themselves. GSFIC lacks sufficient knowledge and information to admit or deny the remaining averments in Paragraph 26 of the Complaint.

### 27.

The statute cited in Paragraph 27 of the Complaint speaks for itself. GSFIC lacks sufficient knowledge and information to admit or deny the remaining averments in Paragraph 27 of the Complaint.

## NATURE OF THE ACTION

### 28.

Upon information and belief, GSFIC admits that Plaintiffs' Complaint purports to be a "complaint for declaratory judgment." The rule and statute cited in Paragraph 28 speak for themselves. GSFIC lacks sufficient knowledge and information to admit or deny the remaining averments in Paragraph 28 of the Complaint.

### 29.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 29 of the Complaint.

## **THE UNDERLYING CLAIMS**

30.

The averments contained in Paragraph 30 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

31.

The averments contained in Paragraph 31 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

32.

GSFIC denies that the project was substantially completed on May 7, 2003. The remaining averments contained in Paragraph 32 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the remaining averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

33.

GSFIC admits that it was the owner of the project during construction. GSFIC further admits that it defaulted LPS for construction defects on the project,

but denies that it did so in November 2005. Except as may be specifically admitted herein, GSFIC denies the averments in Paragraph 33 of Plaintiffs' Complaint.

34.

GSFIC denies the averments of Paragraph 34 of the Complaint. A notice of intent to declare default was sent by GSFIC on November 23, 2005.

35.

GSFIC admits that the architect, P&W, issued orders of condemnation on December 9, 2005.

36.

GSFIC admits that it filed a lawsuit against FFIC, P&W, LPS, Wiggins, AMIC, and XL Specialty Insurance Company arising out of the defective, deficient, and non-conforming work on the project. The lawsuit is pending in the Superior Court of Fulton County and bears civil action file number 2007-CV-128025.

37.

GSFIC admits that Rightway was named as a party to the lawsuit. The remaining averments contained in Paragraph 37 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent,

however, that any of the remaining averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

38.

The averments contained in Paragraph 38 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

39.

GSFIC admits the averments of Paragraph 39 of the Complaint.

40.

The averments contained in Paragraph 40 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

41.

The averments contained in Paragraph 41 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

42.

The averments contained in Paragraph 42 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

43.

GSFIC admits that all claims asserted against Rightway related to allegations that Rightway's work at the project was defective and needed to be replaced.

44.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 44 of the Complaint.

## THE INSURANCE CONTRACTS

45.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 45 of Plaintiffs' Complaint.

46.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 46 of Plaintiffs' Complaint.

47.

GSFIC lacks sufficient knowledge and information to admit or deny the averments in Paragraph 47 of Plaintiffs' Complaint.

48.

The averments contained in Paragraph 48 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

49.

The averments contained in Paragraph 49 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

50.

The averments contained in Paragraph 50 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

51.

GSFIC lacks sufficient knowledge and information to admit or deny the

specific contents of the policy referenced in Paragraph 51 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 51 of Plaintiffs' Complaint.

52.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 52 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 51 of Plaintiffs' Complaint.

53.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 53 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 53 of Plaintiffs' Complaint.

54.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 54 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms.

Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 54 of Plaintiffs' Complaint.

55.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 55 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 55 of Plaintiffs' Complaint.

56.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 56 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 56 of Plaintiffs' Complaint.

57.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 57 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 57 of Plaintiffs' Complaint.

58.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 58 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 58 of Plaintiffs' Complaint.

59.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 59 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 59 of Plaintiffs' Complaint.

60.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 60 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 60 of Plaintiffs' Complaint.

61.

GSFIC lacks sufficient knowledge and information to admit or deny the

specific contents of the policy referenced in Paragraph 61 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 61 of Plaintiffs' Complaint.

62.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 62 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 62 of Plaintiffs' Complaint.

63.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 63 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 63 of Plaintiffs' Complaint.

64.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 64 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms.

Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 64 of Plaintiffs' Complaint.

65.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 65 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 65 of Plaintiffs' Complaint.

66.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 66 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 66 of Plaintiffs' Complaint.

67.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 67 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 67 of Plaintiffs' Complaint.

68.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 68 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 68 of Plaintiffs' Complaint.

69.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 69 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 69 of Plaintiffs' Complaint.

## **COUNT ONE**

70.

GSFIC incorporates its responses to Paragraphs 1 through 69 of Plaintiffs' Complaint, inclusive, by reference as if fully set forth herein.

71.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 71 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms.

Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 71 of Plaintiffs' Complaint.

72.

The averments contained in Paragraph 72 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

73.

The averments contained in Paragraph 73 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

## COUNT TWO

74.

GSFIC incorporates its responses to Paragraphs 1 through 73 of Plaintiffs' Complaint, inclusive, by reference as if fully set forth herein.

75.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 75 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms.

Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 75 of Plaintiffs' Complaint.

### 76.

The averments contained in Paragraph 76 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

### 77.

The averments contained in Paragraph 77 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

## **COUNT THREE**

### 78.

GSFIC incorporates its responses to Paragraphs 1 through 77 of Plaintiffs' Complaint, inclusive, by reference as if fully set forth herein.

### 79.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 79 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms.

Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 79 of Plaintiffs' Complaint.

80.

The averments contained in Paragraph 80 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

81.

The averments contained in Paragraph 81 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

82.

The averments contained in Paragraph 82 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

## **COUNT FOUR**

83.

GSFIC incorporates its responses to Paragraphs 1 through 82 of Plaintiffs'

Complaint, inclusive, by reference as if fully set forth herein.

84.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 84 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 84 of Plaintiffs' Complaint.

85.

The averments contained in Paragraph 85 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

86.

The averments contained in Paragraph 86 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

**COUNT FIVE**

87.

GSFIC incorporates its responses to Paragraphs 1 through 86 of Plaintiffs'

24

Complaint, inclusive, by reference as if fully set forth herein.

88.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 88 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 88 of Plaintiffs' Complaint.

89.

The averments contained in Paragraph 89 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

90.

The averments contained in Paragraph 90 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

## <u>COUNT SIX</u>

### 91.

GSFIC incorporates its responses to Paragraphs 1 through 90 of Plaintiffs' Complaint, inclusive, by reference as if fully set forth herein.

### 92.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 92 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 92 of Plaintiffs' Complaint.

### 93.

The averments contained in Paragraph 93 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

### 94.

The averments contained in Paragraph 94 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

## COUNT SEVEN

### 95.

GSFIC incorporates its responses to Paragraphs 1 through 94 of Plaintiffs' Complaint, inclusive, by reference as if fully set forth herein.

### 96.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 96 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 96 of Plaintiffs' Complaint.

### 97.

The averments contained in Paragraph 97 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

### 98.

The averments contained in Paragraph 98 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

## COUNT EIGHT

99.

GSFIC incorporates its responses to Paragraphs 1 through 98 of Plaintiffs' Complaint, inclusive, by reference as if fully set forth herein.

100.

GSFIC lacks sufficient knowledge and information to admit or deny the specific contents of the policy referenced in Paragraph 100 of Plaintiffs' Complaint. GSFIC further responds that said contents speak for themselves as to their terms. Expect as may be specifically admitted herein, GSFIC denies the averments of Paragraph 100 of Plaintiffs' Complaint.

101.

The averments contained in Paragraph 101 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

102.

The averments contained in Paragraph 102 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required. To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

28

103.

The averments contained in Paragraph 103 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

104.

The averments contained in Paragraph 104 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

105.

The averments contained in Paragraph 105 of Plaintiffs' Complaint are not directed at GSFIC, and as a result, no response to them is required.  To the extent, however, that any of the averments of such Paragraph could be interpreted or construed to apply to GSFIC, those averments are denied.

106.

The averments contained in the Paragraph beginning with "**WHEREFORE**" of Plaintiffs' Complaint are denied.

107.

Each and every allegation contained in Plaintiffs' Complaint that is not

specifically and expressly admitted is hereby denied.

WHEREFORE, Defendant, Georgia State Financing and Investment Commission, prays that

(a)     Plaintiffs' Complaint be dismissed in its entirety;

(b)     Judgment be entered in favor of GSFIC and against Plaintiff;

(c)     GSFIC be awarded its costs and expenses of defending this action, including reasonable attorney fees; and

(d)     GSFIC be awarded such other and further relief as this court may deem just and proper.

**[Signature appears on following page]**

This 24th day of March, 2010.

Respectfully submitted,


Thurbert E. Baker
Attorney General
Georgia Bar No. 033887

R. O. Lerer
Deputy Attorney General
Georgia Bar No. 446962

Denise E. Whiting-Pack
Senior Assistant Attorney General
Georgia Bar No. 558559


s/ George C. Reid
George C. Reid
Special Assistant Attorney General
Georgia Bar No. 599950


GEORGE C. REID, LLC
3330 Cumberland Blvd
Suite 925
Atlanta, Georgia 30339
(770) 818-4430 Telephone
(770) 818-4449 Facsimile

1

## <u>CERTIFICATE OF SERVICE</u>

This will certify that I have this day served a copy of the foregoing **ANSWER OF DEFENDANT GEORGIA STATE FINANCE AND INVESTMENT COMMISSION** upon counsel for all other parties by U.S. mail and by electronically filing the same with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

William R. Wildman, Esq.
Kent W. Collier, Esq.
SUTHERLAND, ASBILL & BRENNAN, LLP
999 Peachtree St. NE
Suite 2300
Atlanta, Georgia 30309-3996
**Attorneys for Perkins & Will, Inc.**

John V. Burch, Esq.
Marc H. Bardack, Esq.
Christina A. Craddock, Esq.
BOVIS, KYLE & BURCH, LLC
200 Ashford Center North
Suite 500
Atlanta, GA  30338-2668
**Attorneys for Fireman's Fund Insurance Company**

John C. McManus, Esq.
George Warlick, Esq.
Alex Yusupov, Esq.
MCMANUS & WARLICK, LLP
5901-A Peachtree Dunwoody Rd
Suite 510
Atlanta, Georgia 30328
**Attorneys for LPS Construction Co., Inc. and Wallace H. Wiggins, Jr.**

Wendy F. Klein Keane, Esq.
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799

**Pro Hac Vice Counsel for SimplexGrinnell, LP**

C. Bradford Marsh, Esq.
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, Georgia 30309
**Attorney for SimplexGrinnell, LP**

G. Lee Welborn, Esq.
DOWNEY & CLEVELAND, LLP
288 Washington Avenue
Marietta, Georgia 30060
**Attorney for South Western Communications, Inc.**

Ronald J. Garber, Esq.
SHAPIRO, FUSSELL, WEDGE & MARTIN, LLP
One Midtown Plaza
Suite 1200
1360 Peachtree Street, NE
Atlanta, Georgia 30309-3214
**Attorney for The Sack Company. Inc.
(H.A. Sack Co., Inc. d/b/a The Sack
Company)**

Kenneth Sisco, Esq.
HAWKINS & PARNELL, L.L.P.
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA  30308-3243
**Attorney for H.A. Sack**

Robert D. Steinberg, Esq.
DeWitte Thompson, Esq.
THOMPSON, SLAGLE & HANNAN, LLC
12000 Findley Road, Suite 250
Duluth, GA  30097
**Attorney for XL Specialty Insurance
Company**

Edward H. Lindsey, Jr., Esq.
David M. Abercrombie, Esq.
GOODMAN MCGUFFEY LINDSEY &
JOHNSON, LLP
3340 Peachtree Road, NE
Suite 2100
Atlanta, GA  30326-1084
**Attorneys for Mock Plumbing &
Mechanical, Inc.**

Michael J. Classens, Esq.
EDENFIELD, COX, BRUCE & CLASSENS, P.C.
115 Savannah Avenue
P. O. Box 1700
Statesboro, GA  30459
**Attorney for Southeast Roofing
Solutions, Inc.**

Alan S. Lowe, Esq.
Ellen L. Schoolar, Esq.
ALAN S. LOWE & ASSOCIATES
311 W. Broughton Street
Savannah, GA  31401
**Attorneys for Bonitz of Georgia,
Inc.**

Michael J. Athans, Esq.
Matthew A. Barrett, Esq.
FIELDS, HOWELL, ATHANS &
MCLAUGHLIN, LLP
191 Peachtree St., NE, Suite 4600
Atlanta, GA  30303-1740
**Attorneys for Transcontinental
Insurance Company n/k/a National
Fire Insurance Company of Hartford,
Valley Forge Insurance Company,**
and **Continental Casualty Insurance
Company**

Robert P. Marcovitch, Esq.
GASLOWITZ FRANKEL, LLC
4500 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA  30308-3243
**Attorney for Central Fence Co.,
Inc.**

2

Jonathan Crumly, Esq.
LITTLE & CRUMLY LLP
1000 Whitlock Avenue, Suite 320
PMB 345
Marietta, GA  30064
**Attorney for Rightway Drywall, Inc.**

James T. Budd, Esq.
MABRY MCCLELLAND, LLP
2200 Century Pkwy. NE
Tenth Floor
Atlanta, GA  30345
**Attorney for Rightway Drywall, Inc.**

Jerald R. Hanks, Esq.
HANKS BROOKS, LLC
1355 Peachtree Street
Suite 1900
Atlanta, GA  30309
**Attorney for May Specialty Fabricators, Inc.**

Stephen M. Schatz, Esq.
Fredric W. Stearns, Esq.
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, N.E.
Suite 300
Atlanta, GA  30309-3238
**Attorneys for Zurich American Insurance Company**

Melinda Moseley
NELSON MULLINS RILEY & SCARBOROUGH, LLP
201 17th Street, NW
Suite 1700
Atlanta, GA  30363

**Attorney  for Sprinkler Contractors, Inc.**

**[Signature on Following Page]**

3

This 24th day of March, 2010.

s/ George C. Reid
GEORGE C. REID
Special Assistant Attorney General
Georgia State Bar No. 599950

George C. Reid
GEORGE C. REID, LLC
David R. Cook Jr.
AUTRY, HORTON & COLE, LLP
3330 Cumberland Blvd
Suite 925
Atlanta, Georgia 30339
(770) 818-4430 Telephone
(770) 818-4449 Facsimile

4